DIGITAL & ANALOG DESIGN CORPORATION, APPELLEE,
*v.* NORTH SUPPLY COMPANY, APPELLANT.

[Cite as *Digital & Analog Design Corp. v. North Supply Co.* (1992), 63 Ohio St.3d 657.]

(No. 91–128—Submitted February 19, 1992—Decided May 20, 1992.)

658

*Wickens, Herzer & Panza, A L.P.A., Richard D. Panza, William F. Kolis, Jr.,* and *Matthew W. Nakon,* for appellee.

*Gallagher, Sharp, Fulton & Norman, John B. Robertson* and *Robert H. Eddy,* for appellant.

---

WRIGHT, J. Appellant's propositions of law raise essentially two issues for our review: (1) whether, and under what situations, it is proper to award prejudgment interest, pursuant to R.C. 1343.03(C), if the plaintiff has been awarded punitive damages; and (2) whether a litigant in a tort action is entitled to have a jury determine whether, or in what amount, attorney fees should be awarded. We address each of these issues in turn.

I

R.C. 1343.03(C) reads as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In our latest interpretation of this provision, *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464, we rejected the award of prejudgment interest on punitive damages. In so ruling, we stated that " * * * because punitive damages over and above the amount adequate to compensate the plaintiff were awarded, prejudgment interest to compensate for delay in payment was unnecessary and the award of prejudgment interest must be vacated." *Id.* at 42, 543 N.E.2d at 471.

Appellant has seized upon this language to support his proposition that the award of prejudgment interest on compensatory damages is not warranted, even if plaintiff has met the requirements of R.C. 1343.03, when punitive damages are awarded in an amount sufficient to compensate for delay in payment of those compensatory damages. Appellant's argument is based upon a reading of *Villella* that is out of context, and thus it must fail.

At issue in *Villella* was the propriety of awarding prejudgment interest on the punitive damages portion of a judgment. Although selective quotations from the opinion might lead one to find merit in appellant's position, a reading

of the entire opinion belies its stand. The opinion reveals instead that the issue of whether the plaintiff in *Villella* was entitled to prejudgment interest on the compensatory damage award of $250 was not raised, no doubt because the interest that would have accrued on such a relatively small sum was insignificant in comparison to the punitive damages awarded. An issue more important to the litigants was the issue we addressed—the propriety of awarding prejudgment interest on the $150,000 punitive-damages award to the plaintiff.

The import of *Villella* is simply that a litigant is not entitled to prejudgment interest on the *punitive* damages portion of a judgment. At issue here is whether a litigant is entitled to prejudgment interest on the *compensatory* damages portion of an award when that litigant has also been awarded punitive damages in an amount sufficient to compensate him for the defendant's failure to negotiate in good faith.

From a policy perspective, one can easily distinguish between the award of prejudgment interest on compensatory damages and the award on punitive damages. Punitive damages are awarded to punish the guilty party and deter tortious conduct by others. *Detling v. Chockley* (1982), 70 Ohio St.2d 134, 136, 24 O.O.3d 239, 240, 436 N.E.2d 208, 209. Those goals are fully accomplished, if at all, at the time punitive damages are awarded. The amount of punitive damages is not fixed at the time the tort occurs, but rather accrues only after a reasoned determination by a jury of an amount that fairly punishes the tortfeasor for his malicious or malevolent acts and that will deter others from similar conduct.

Compensatory damages, on the other hand, are awarded to make the tort victim whole and, in a sense, accrue at the time of injury. Because the prejudgment interest statute is designed to compensate the aggrieved party for the delay encountered by the failure of the tortfeasor to negotiate in good faith, the law recognizes as a basis for such interest only those damages that would have been measurable with some degree of certainty prior to trial. Thus, the law provides for an award of prejudgment interest on compensatory damages in order to preserve the full compensation those damages represent, but imposes no similar penalty or compensation with respect to the punitive-damages portion of an award.

As we have previously emphasized, " * * * '[a]warding prejudgment interest *on* punitive damages * * * [would serve] neither the compensatory purposes of prejudgment interest nor the exemplary purposes of punitive damages. * * * ' " (Emphasis *sic*.) *Villella, supra,* 45 Ohio St.3d at 42, 543 N.E.2d at 471. Awarding prejudgment interest on compensatory damages, however, ensures that just compensation to the tort victim is not eroded by

the dilatory tactics of the tortfeasor, and comprises a sanction wholly separate from any punitive damages awarded. This purpose would not be served were the law construed in the manner suggested by the appellant.

The tortfeasor who is subject to punitive damages should not be permitted to escape responsibility for his additional failure to negotiate in good faith simply because an award of punitive damages is sufficient to compensate his victim for delay resulting from the tortfeasor's recalcitrance. Accordingly, prejudgment interest is properly awarded under R.C. 1343.03 on compensatory damages when, because of the failure of a tortfeasor to negotiate in good faith, it becomes necessary to compensate a plaintiff for delay in receiving compensation for his injuries, even if that plaintiff has been awarded punitive damages in an amount that otherwise would be sufficient to compensate him for such delay.

## II

We now turn our attention to whether a court must submit to a jury the issue of whether, or in what amount, attorney fees in a tort action should be awarded.

## A

It is the custom and practice of many courts of common pleas within this state to submit the question of the award of attorney fees to the jury. When the issue is submitted, the jury is instructed in the following manner:

"If you decide that a defendant shall be liable for punitive damages, you may also award as an item of actual damages a reasonable amount of the attorney fees of counsel employed by the plaintiff in the prosecution of this action." 1 Ohio Jury Instructions (1991), Section 23.71(11).

Although, as reflected by this instruction, a jury may consider and award attorney fees, the question of whether that issue *must* be presented to the jury has never before arisen in this court. Appellant contends that the trial court's failure to have the jury consider the award of attorney fees violates NSC's right to trial by jury.

Although the right to trial by jury in civil actions under the Ohio Constitution is "inviolate" under Section 5, Article I, a right to trial by jury on a particular cause of action exists only if the action is one that was recognized as a jury issue at common law prior to the adoption of the Ohio Constitution. *Pokorny v. Local No. 310* (1974), 38 Ohio St.2d 177, 180, 67 O.O.2d 195, 196, 311 N.E.2d 866, 869. Despite appellant's assertions to the contrary, we find no basis under the Ohio Constitution to mandate that a jury determine

whether attorney fees are to be awarded in a tort action. There was no *action* for attorney fees at common law prior to the adoption of the Ohio Constitution.

Furthermore, we have long held that a right to a jury trial does not exist if the relief sought is equitable rather than legal. *Taylor v. Brown* (1915), 92 Ohio St. 287, 110 N.E. 739.[1] The award of attorney fees, although seemingly compensatory and treated as such in the model jury instruction, does not compensate the victim for damages flowing from the tort. Rather, the requirement that a party pay attorney fees under these circumstances is a punitive (and thus equitable) remedy that flows from a jury finding of malice and the award of punitive damages. There is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees, unless there is a basis for sanctions under Civ.R. 11.

As the United States Supreme Court held in *Tull v. United States* (1987), 481 U.S. 412, 425–426, 107 S.Ct. 1831, 1839–1840, 95 L.Ed.2d 365, 378–379, there is no federal constitutional guarantee for a jury trial in the remedy stage of a civil proceeding in the federal courts. Similarly, we find no right under the Ohio Constitution to a jury determination on the issue of attorney fees in a tort action. Accordingly, we hold that a litigant does not have a constitutional right to trial by jury as to the determination of whether, or in what amount, attorney fees should be awarded in a tort action.

## B

Although we have concluded that the appellant has no *constitutional* right to trial by jury on the issue of attorney fees in a tort action, our analysis cannot end there. Indeed, a question remains whether as a matter of statutory or common law, a litigant is entitled to a jury determination of the attorney-fees issue.

In view of our determination that attorney fees are punitive in nature, we find it wholly appropriate to treat attorney fees in the same manner as punitive damages with respect to whether such an issue is to be presented to a jury. As a matter of custom, we have viewed the issue of a defendant's

---

1. Although the right to trial by jury in civil actions under the Seventh Amendment to the United States Constitution is not applicable to the states, *Minneapolis & St. Louis RR. Co. v. Bombolis* (1916), 241 U.S. 211, 217, 36 S.Ct. 595, 596, 60 L.Ed. 961, 963, a right to trial by jury is similarly circumscribed in federal courts by the distinction between legal actions and those actions in which a party is seeking equitable relief. *Ross v. Bernhard* (1970), 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729.

*liability* for punitive damages as a jury question, and we have permitted juries to set the *amount* of those damages. The General Assembly, through its enactment of R.C. 2315.21 and the amendment of R.C. 2315.18,[2] has now clarified that it is a proper function for the trial court, in a jury trial in a tort action, to determine the amount of punitive damages, but that the issue of liability is expressly reserved to the jury. Although those provisions were not in effect at the time the instant cause of action arose, we are nonetheless persuaded that the approach taken by the legislature is the proper course for the development of the common law of this state.

In view of the public policy of this state that favors jury determination of issues of liability, as evidenced by the General Assembly's passage of R.C. 2315.21 and its amendment to R.C. 2315.18, we hold that a trial court must submit to a jury the issue of whether attorney fees should be awarded in a tort action. The amount of those fees shall be determined by the trial judge who may, in his or her discretion, submit the question of the amount of the fees to the jury. For those causes of action arising on or after January 5, 1988 (the effective date of R.C. 2315.21 and 2315.18, as amended), the issue shall be decided in the same manner, albeit explicitly governed by the procedure outlined in R.C. 2315.18 and 2315.21.

## C

In view of our determination that a trial court should submit the issue of liability for attorney fees in a tort action to the jury, we now turn to whether the trial court's failure in this action to so instruct the jury mandates a new jury trial on the issue of liability for attorney fees only. From our review of

---

2. R.C. 2315.21 reads in relevant part as follows:

" * * *

"(C)(1) In a tort action, the trier of fact shall determine the liability of any defendant for punitive or exemplary damages.

"(2) In a tort action, whether the trier of fact is a jury or the court, if the trier of fact determines that any defendant is liable for punitive or exemplary damages, the amount of those damages shall be determined by the court.

" * * *

"(D) * * *

"(5) The amount of punitive or exemplary damages awarded against a defendant in question in a tort action may be determined by a jury as the trier of fact."

R.C. 2315.18 reads in relevant part as follows:

" * * *

"A jury shall not determine the amount of punitive or exemplary damages recoverable by a party in a tort action pursuant to section 2315.21 or another section of the Revised Code except as provided in division (D)(5) of section 2315.21 of the Revised Code. * * * "

the appellant's actions in this regard, we conclude that any common-law right appellant had to a jury consideration of the issue was waived.

Following the trial, both parties agreed that the procedure applicable to the attorney-fees issue was that set forth in *Davis v. Owen, supra.* Indeed, NSC, in opposing DAD's motion for attorney fees, acceded to the *Davis v. Owen* approach. Only after this court's decision in *Villella, supra,*[3] did NSC hastily retreat from its previous position and assert its right to a trial by jury on the attorney-fees issue.

The time for NSC to assert its rights passed with its acquiescence to the *Davis v. Owen* procedure. When a party fails to object to the use of a procedure for resolving an issue that should normally be presented to a jury, that party is estopped from asserting its rights at a time well after the resolution of an initial appeal of its case. NSC's actions post-trial effectively operated as a withdrawal of the attorney-fees issue from the jury under Civ.R. 38(D) and estops NSC from demanding a jury trial now. Accordingly, upon remand to the trial court in accordance with the direction of the court of appeals, the trial court may decide the attorney-fees issue without having to impanel a new jury.

## III

Having decided the chief issues before us, we turn to several ancillary issues raised by the parties in their briefs. We clarify that the amount of attorney fees to be awarded in a tort action, after a jury determination that a defendant is liable for such fees, will lie in the sound discretion of the trial judge, based upon evidence that the defendant has been given the opportunity to present either at a post-trial hearing or at trial. Although the general rule is that reasonable attorney fees may be awarded in an action where punitive damages have also been awarded, *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 177, 327 N.E.2d 654, 658, a trial court may decline to award any amount of attorney fees if the defendant upon whom such fees will be imposed successfully rebuts the presumption that reasonable fees should be awarded. Thus, a trial court may consider whether the punitive damages awarded are adequate both to compensate the plaintiff for his attorney fees and to fulfill the punitive and deterrent purpose of the exemplary damages awarded. If the court concludes that the punitive damages are sufficient to fulfill those purposes without the imposition of attorney

---

3. In *Villella, supra,* 45 Ohio St.3d at 41, 543 N.E.2d at 470, this court reviewed the award of attorney fees by a jury.

fees, the court may decline to award such fees, even if a jury has determined that such fees should be awarded.

We also stress that this decision does not preclude a court from having the jury decide the amount of attorney fees. If a court chooses to have a jury decide the issue, it could convene a proceeding before the same jury just after its verdict is announced during which both parties would be given an opportunity to present or contest evidence of reasonable attorney fees.[4] After the evidence is presented, the court would charge the jury that they may, in their discretion, award reasonable attorney fees to the injured party, in addition to punitive damages already awarded.[5] The trial court, however, would still be required to determine whether sufficient evidence had been presented concerning the proper amount of attorney fees before the issue would be presented to a jury. *Villella, supra,* 45 Ohio St.3d at 41, 543 N.E.2d at 470. Additionally, the trial court would retain the discretion to increase or decrease the amount awarded by granting a motion for remittitur or judgment notwithstanding the verdict.

## IV

For the foregoing reasons, we reject all of appellant's propositions of law. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in paragraph one of the syllabus and in the judgment.

---

4. Alternatively, the court could have the issue decided as a part of the jury trial. From a standpoint of judicial economy, however, the issue is best left to a separate proceeding after the jury has returned its verdict, because the jury will consider the issue of attorney fees only if punitive damages are awarded.

5. It is anticipated that this hearing would occur after the trial court has determined the amount of punitive damages to be awarded and communicated that information in the form of an instruction to the jury.