Plaintiff-appellant, 382 Capital, Inc., appeals the January 11, 1999 judgment of the Franklin County Court of Common Pleas, in which it entered judgment on a jury verdict and ruled on post-trial motions. For the reasons set forth below, this court affirms the judgment of the trial court.
Plaintiff-appellant is a closely held corporation that operates a bar called "Mekka." Defendant-appellee, Christopher Corso, was a shareholder and officer of the corporation, referred to hereinafter as Mekka.
In the summer of 1996, disagreement arose among Mekka's shareholders and officers, and the majority shareholders proposed a change in the officers' responsibilities. Corso advised the other shareholders that he would rather have them buy him out than work under the proposed redistribution of authority. The other owners agreed to buy Corso out, and the buyout was accomplished pursuant to a number of documents. These documents include a promissory note executed by the corporation regarding a schedule of payments to Corso for his interest in Mekka.
Corso subsequently opened a bar called Red Zone, an opportunity that he began pursuing while an owner/officer of Mekka.
Mekka brought the present action against Corso alleging,inter alia, fraud, promissory estoppel, theft of corporate opportunity, and breach of fiduciary duty to the corporation. Corso counterclaimed, alleging that Mekka breached a contractual obligation by failing to pay the balance due on the promissory note.
At trial, Corso moved for directed verdict on Mekka's claims sounding in promissory estoppel and fraud. The trial court granted a directed verdict in favor of Corso on those claims. Corso also moved for directed verdict on the promissory note, and the trial court granted judgment, requiring payment of the balance.
Mekka's claims for theft of corporate opportunity and breach of fiduciary duty were submitted to the jury. The jury unanimously found that Corso had not stolen a business opportunity from Mekka. However, a majority of the jury found that Corso breached his duty of loyalty and/or full disclosure to the corporation.
In addition to completing a "verdict" form, the jury also completed several interrogatories. Interrogatory C was completed as follows:
 * * * [In regard to the breach of fiduciary duty], please state the amount of damages to Mekka. As a measure of damages, Mekka is entitled to any profits received by the corporate fiduciary, Mr. Corso, or Mekka may receive as damages the actual amount of profits it lost as a result of Mr. Corso's wrongful actions.
$ __________ 1.00 _________________________
In response to Interrogatory F, a majority of the jury stated that, in addition to the damages, Mekka should be awarded attorney fees. In response to Interrogatory G, a majority of the jury awarded punitive damages in the amount of $250,000. However, on the "verdict" form, the jury stated:
 We, the Jury, being duly impaneled and sworn * * * find that the total amount of damages that this Defendant owes to the Plaintiff is $ _____ 1.00 _________.
Corso filed a motion for judgment notwithstanding the verdict with respect to the interrogatories regarding punitive damages and attorney fees. Mekka also filed a motion for judgment notwithstanding the verdict.
On January 11, 1999, the trial court entered judgment in the amount of damages stated on the jury's verdict form, not including punitive damages or attorney fees, based on several reasons. First, the trial court found that punitive damages cannot be awarded in the absence of actual damages, and that nominal damages of one dollar do not constitute the requisite actual damages to support an award of punitive damages. Second, the trial court relied on the fact that the amount of damages stated by the jury on the verdict form was one dollar. The court found that the response to the interrogatory regarding punitive damages was not included by the jury in its final verdict and, therefore, would not be included in the judgment. Third, the court noted that, although it had reviewed the completed verdict forms and interrogatories with counsel prior to releasing the jury, counsel did not seek to poll the jury nor ask the court to return the matter to the jury for further consideration of its answers and verdict, but simply allowed the jury to be released. Fourth, the court concluded that the jury's finding of one dollar as nominal damages was consistent with the evidence, noting that Mekka had failed to establish proximate cause for its lost profits, offering only speculation and rumor. Finally, the court noted that punitive damages require proof by clear and convincing evidence, and that there was no such finding by the jury.
Accordingly, the trial court entered judgment in favor of Mekka on its breach of fiduciary duty claim and in favor of Corso on his promissory note.
Mekka appealed to this court, assigning five errors:
I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE JURY'S AWARD OF PUNITIVE DAMAGES TO MEKKA.
II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING MEKKA'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT BECAUSE, BASED UPON THE JURY'S FINDING THAT CORSO BREACHED HIS FIDUCIARY DUTY, MEKKA WAS ENTITLED AS A MATTER OF LAW TO DISGORGEMENT OF RED ZONE'S PROFITS; ALTERNATIVELY, THE TRIAL COURT'S PROXIMATE CAUSE INSTRUCTION WAS IN ERROR.
III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING THE JURY'S AWARD OF ATTORNEY'S FEES TO MEKKA.
IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DIRECTING A VERDICT IN FAVOR OF CORSO AND AGAINST MEKKA ON CORSO'S COUNTERCLAIM FOR BREACH OF CONTRACT.
V. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT BERATED MEKKA'S EXPERT WITNESS IN THE PRESENCE OF THE JURY.
Corso filed a cross-appeal, assigning the following three assignments of error:
 1. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF FIDUCIARY CLAIM.
 2. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN DEFENDANT'S MOTIONS FOR DIRECTED VERDICT ON PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM.
 3. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM.
In regard to Mekka's first assignment of error, this court finds no error in the trial court's decision to enter judgment only on the amount set forth on the jury verdict form and in refusing to enter judgment for $250,000 in punitive damages and attorney fees. It is settled that punitive damages may be awarded only upon "clear and convincing" evidence. Cabe v. Lunich (1994),70 Ohio St.3d 598, 601. In the present action, the jury instructions did not inform the jury that punitive damages must be established by clear and convincing evidence. Corso objected. Thus, the award of punitive damages against Corso was not lawful, and the trial court did not err in refusing to enter a judgment including punitive damages. Accordingly, it is not necessary for this court to address the other issues relating to punitive damages. Accordingly, Mekka's first assignment of error is overruled.
Regarding the second assignment of error, Mekka essentially argues that it was not required to prove that the proximate cause of its lost profits was the breach of fiduciary duty by Corso. Mekka argues that the trial court erred in instructing the jury that it must find a breach of duty and proximate causation of damages by that breach. However, this court is not persuaded that plaintiffs are exempt from proving the element of proximate cause when their claim sounds in breach of fiduciary duty. Mekka provides no convincing argument as to why it should be compensated for lost profits that were unrelated to Corso's breach of duty. The court rejects plaintiff's argument.
Nor does this court find that the trial court decided the issue of proximate cause as a matter of law. The trial court did not grant a directed verdict or judgment notwithstanding the verdict on the claim of breach of fiduciary duty. On the contrary, the court submitted to the jury the issue of Corso's alleged breach of fiduciary duty, and entered judgment based on the jury's verdict in Mekka's favor. The trial court commented that the jury's award of one dollar in damages was consistent with the lack of evidence, but, in doing so, the court was expressing agreement with the jury's award of only one dollar, not removing the issue from the jury's consideration. Accordingly, Mekka's second assignment of error is overruled.
By Mekka's third assignment of error, it is argued that the trial court erred in overruling the jury's award of attorney fees to Mekka. It is well-established that attorney fees are not generally awarded in civil actions, except where there is a finding of actual malice or fraud. See, e.g., Columbus Finance,Inc. v. Howard (1975), 42 Ohio St.2d 178. Therefore, if punitive damages are proper, the aggrieved party may also recover reasonable attorney fees. Id. at 183. The Supreme Court of Ohio has stated that an award of attorney fees may be considered only after punitive damages have been awarded. See Digital AnalogDesign Corp. v. North Supply Co. (1992), 63 Ohio St.3d 657. Indeed, the Supreme Court has suggested that, in the interest of judicial economy, the issue of attorney fees in a jury trial "is best left to a separate proceeding after the jury has returned its verdict, because the jury will consider the issue of attorney fees only if punitive damages are awarded." Id. at 665, fn. 4.
In the present action, there was no lawful award of punitive damages. Thus, a factor necessary for an award of attorney fees is absent. Accordingly, the trial court did not err in refusing to award attorney fees. Mekka's third assignment of error is overruled.
In regard to Mekka's fourth assignment of error, this court finds no error in the judgment on Corso's counterclaim for breach of contract; that is, the judgment on the corporation's promise to pay a certain amount for Corso's share of the business. Corso had invested money in Mekka, and the corporation bought his interest. Although the first purchase agreement was styled as an asset purchase and the second purchase agreement was styled as a stock shares purchase, the purchase price was the same in both documents. In both agreements, Corso and the corporation agreed that Corso was selling his ownership interest in Mekka for $175,000. The sale was effected, and the debt was owed. Although a finding of fraud in the inducement or other relevant fraud would vitiate the contractual obligations, the record includes no finding of fraud relating to the purchase of Corso's ownership interest, and Mekka does not assign error in the trial court's directed verdict on its claims of promissory estoppel and fraud. The contractual documents establish that Corso sold his interest for a specific amount, of which there remained a balance due. If the jury had awarded significant damages against Corso, then Mekka would have been entitled to a setoff against the balance due on the sale. However, the award of damages in favor of Mekka was nominal, and a setoff of the debt was not available. Accordingly, Mekka's fourth assignment of error is overruled.
In regard to Mekka's fifth assignment of error, this court finds no merit in Mekka's contentions. A review of the transcript shows no berating of Mekka's expert witness. The trial court was within its discretion to direct questions to the witness when determining the permissible scope of his testimony as an expert under Evid. R. 702. In such circumstances, the court's comments were within reasonable bounds. Accordingly, Mekka's fifth assignment of error is overruled.
Additionally, this court finds no merit in the three assignments of error raised by cross-appellant, Corso.
For the foregoing reasons, Mekka's five assignments of error and Corso's three cross-assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and DESHLER, JJ., concur.