DECISION.
A jury found in favor of defendant-appellant Linda Carr on her invasion-of-privacy counterclaim against plaintiff-appellee Kenneth Boyle. The jury awarded to Carr $100 as compensatory damages and $900 as punitive damages. The jury further found Boyle liable for Carr's reasonable attorney fees.
Carr's attorney filed an affidavit in support of his $37,827 fee. After a hearing, the trial court awarded Carr $333.33 in attorney fees, based upon the one-third contingency-fee contract between Carr and her attorney.
In a single assignment of error, Carr argues that the trial court erred by denying her application for attorney fees. Carr contends that the court improperly based its decision on the contingency agreement. Initially, we note that the court did not "deny" Carr's application for attorney fees. Rather, the court simply made an award in an amount substantially less that that requested by Carr.
It is well settled that, if punitive damages are awarded, the aggrieved party may also recover reasonable attorney fees.[1] After a jury determination that a party is liable for attorney fees, the amount of fees to be awarded lies in the sound discretion of the trial court, based upon evidence that the aggrieved party has been given the opportunity to present either at a post-trial hearing or at trial.[2]
In a contingency-fee agreement, the parties are the attorney and the client. The supreme court has held that a court abuses its discretion by requiring a defendant to pay attorney fees pursuant to a contingency-fee contract to which the defendant was not a party.[3] While a contingency-fee arrangement may be a reasonable and proper measure for attorney fees, the trial court must first consider the factors set forth in DR 2-106(B) for determining the reasonableness of attorney fees.[4]
These factors include the following:
 (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent.[5]
In this case, there is no indication that the trial court considered the factors contained in DR 2-106(B) when it awarded attorney fees. Therefore, we hold that, as a matter of law, the trial court erred when it based the award solely upon the contingency-fee agreement between Carr and her attorney. We sustain Carr's sole assignment of error and reverse the judgment of the court below only with respect to the award of attorney fees. We remand this cause to the trial court for a redetermination of reasonable attorney fees in accordance with law and this decision.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Columbus Finance, Inc. v. Howard (1975), 42 Ohio St.2d 178,183, 327 N.E.2d 654, 658; Galmish v. Cicchini (2000), 90 Ohio St.3d 22,35, 734 N.E.2d 782, 795.
[2] See Digital Analog Corp. v. North Sup. Co. (1992),63 Ohio St.3d 657, 664, 590 N.E.2d 737, 743.
[3] See Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339,343, 695 N.E.2d 1140, 1143.
[4] See Blanchett v. Nationwide Care, Inc. (Dec. 16, 1998), Guernsey App. No. 98 CA 4, unreported, discretionary appeal not allowed (1999),85 Ohio St.3d 1464, 709 N.E.2d 171; Galmish, supra, at 35,734 N.E.2d at 795.
[5] DR 2-106(B); Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 41, 543 N.E.2d 464, 470, citing Hutchinson v. J.C.Penney Cas. Ins. Co. (1985), 17 Ohio St.3d 195, 200, 478 N.E.2d 1000,1004-1005.