OPINION
Commencing on April 1, 1999, appellants, James and Samantha Babcock, rented housing from appellees, Raymond and Linda Milligan. The rental was to be subsidized with Section 8 housing assistance through the Coshocton Metropolitan Housing Authority (hereinafter "CMHA"). Appellants were required to pay a security deposit of $350.00. Appellants paid $275.00.
On July 12, 1999, appellee Raymond Milligan sent, by regular mail, a notice to appellants notifying them of upcoming repairs and informing them that they had to pay the rest of the security deposit within ten days or they would be evicted.
Appellants did not pay the remaining security deposit. As a result, appellee Raymond Milligan issued an eviction notice on July 27, 1999.[1]
On August 1, 1999, appellees entered the premises and began moving appellants' belongings into a truck. Appellants arrived on the scene and retrieved their belongings.
On December 16, 1999, appellants filed a complaint against appellees and their rental company, R L Rentals, claiming violations of R.C.5321.15 and 5321.04, breach of their common law covenant of quiet enjoyment, trespass, conversion of personal property, breach of contract and invasion of privacy. A trial commenced on February 15, 2001. By judgment entry filed April 27, 2001, the trial court found in favor of appellants on all their claims except the conversion claim. The trial court awarded appellants $1000.00 in compensatory damages and $50.00 in punitive damages.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT'S ORDER OF $50.00 IN PUNITIVE DAMAGES WAS CONTRARY TO LAW.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED PUNITIVE DAMAGE OF $50.00.
 III. THE TRIAL COURT'S AWARD OF $1,000.00 IN COMPENSATORY DAMAGES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellants claim the award of punitive damages was de minimis and was inadequate as a matter of law. We agree.
In its judgment entry of April 27, 2001, the trial court found appellees' actions "demonstrate such little concern for the defendants obligations under law as to constitute the presence of malice on the part of the defendants." As a consequence, the trial court awarded appellants $50.00 in punitive damages.
When ordering punitive damages, the trier of fact is to make a "reasoned determination * * * of an amount that fairly punishes the tortfeasor for his malicious or malevolent acts and that will deter others from similar conduct." Digital Analog Design Corp. v. NorthSupply Co. (1992), 63 Ohio St.3d 657, 660, rejected on other grounds byZoppo v. Homestead Ins. Co. (1994), 71 OS3 552. As argued by appellants, a $50.00 punitive damages award is less than the filing fee for a forcible entry and detainer action. One does not have to speculate whether such a low amount would deter any future action. The clear message sent by the $50.00 punitive damages award is that self-help evictions contrary to statutory regulations will be rewarded. Given the fact that the trial court found in favor of appellants on all claims save conversion and further found appellees' action were done with malice, we find the $50.00 punitive damages award to be inadequate. The matter is remanded to the trial court for a specific just determination on the amount of punitive damages.
Assignments of Error I and II are granted.
 III
Appellants claim the trial court's award of $1000.00 in compensatory damages was against the manifest weight of the evidence. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellants claim the compensatory damages do not adequately compensate them for their damages. In order to address this issue in the absence of findings of fact and conclusions of law, we must examine the entire record vis-a-vis the allegations in the complaint. Appellants alleged, and the trial court found, that appellees violated R.C. 5321.04 and 5321.15 which state in pertinent part the following:
§ 5321.04 Obligations of landlord.
 (B) If the landlord makes an entry in violation of division (A) (8) of this section, makes a lawful entry in an unreasonable manner, or makes repeated demands for entry otherwise lawful that have the effect of harassing the tenant, the tenant may recover actual damages resulting from the entry or demands, obtain injunctive relief to prevent the recurrence of the conduct, and obtain a judgment for reasonable attorney's fees, or may terminate the rental agreement.
 § 5321.15 Residential premises landlord restrictions.
 (B) No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction.
 (C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees.
Nowhere in the complaint is there a claim for the return of the $275.00 security deposit. Apart from the argument that there is no claim for the security deposit, appellants argue the damages awarded do not adequately compensate them for their losses. In particular, appellants argue the award is not enough to cover their actual damages and their claim for invasion of privacy. Except for the claim for "conversion of property," the trial court found "generally in favor" of appellants on all their claims listed in their complaint.
We have reviewed the record of the trial. Appellants' claim for lost property includes a television and stand, two stereos, one set of speakers, weights, baseball cards, new and used clothing (adult and baby), miscellaneous household supplies, jewelry box and jewelry, can opener and Nintendo system and tapes. T. at 109, 112-117, 154-156. Appellants claimed an antique sewing machine and a baby swing were damaged. T. at 109-110, 154, 157. Also, appellants claimed $200.00 as an expense for cab fare. T. at 118. Appellants' testimony on the values were given within ranges of dollar amounts. T. at 112-117, 154-156. From our review, the values range from $1,417.50 as a low to $1,592.50 as a high. There was no testimony on the value or out-of-pocket expenses for the emotional distress and invasion of privacy claims. We note the damages were speculative and given as approximates.
Given the speculative nature of the values assigned, we cannot find the trial court's decision was against the manifest weight of the evidence. In particular, appellants claimed the sewing machine case was pried open, but claimed a total average loss of $150.00. T. at 110, 157. Most of the adult clothes were purchased used by appellants. T. at 116-117. The television, stereo and speakers were secondhand. T. at 112.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed in part, reversed in part and remanded.
By FARMER, J. GWIN, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellees.
[1] Appellants claimed they did not receive the notice until approximately August 3, 1999. See, Complaint at paragraph four.