*332 Lundberg Stratton, J.,
dissenting.
{¶ 26} I respectfully dissent. An award of attorney fees is punitive in nature because it is directly tied to and dependent upon an award of punitive damages. Consequently, I do not believe that the Allstate policy in this case covers the attorney-fee award, and to require an insurer to pay attorney fees awarded as the result of a punitive-damages award violates public policy.
{¶ 27} Although an award of attorney fees is not an element of punitive damages, it is clearly dependent upon an award of punitive damages. Columbus Fin., Inc. v. Howard (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 327 N.E.2d 654. Because the award of attorney fees depends upon punitive damages, if a court reverses a punitive-damages award, the attorney-fee award must likewise be reversed. Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 35, 734 N.E.2d 782. Thus, an award of attorney fees is inextricably intertwined with an award of punitive damages.
{¶ 28} The majority places much emphasis on categorizing an attorney-fee award as an element of compensatory damages. Although labeled as compensatory damages, the award of attorney fees following a punitive-damages award is intended to compensate the aggrieved party for having to deal with the bad faith or malicious conduct of the tortfeasor. The majority describes the discussion of attorney fees in Digital & Analog Design Corp. v. N. Supply Co. (1992), 63 Ohio St.3d 657, 590 N.E.2d 737, as dicta. However, I believe that the court’s explanation is enlightening: “The award of attorney fees, although seemingly compensatory and treated as such in the model jury instruction, does not compensate the victim for damages flowing from the tort. Rather, the requirement that a party pay attorney fees under these circumstances is a punitive (and thus equitable) remedy that flows from a jury finding of malice and the award of punitive damages. There is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees * * *.” Id. at 662, 590 N.E.2d 737.
{¶ 29} The Allstate policy here agrees to pay for damages because of bodily injury and property damage. The policy excludes coverage for “punitive or exemplary damages, fines or penalties.” There is an attorney-fee award in this case only because of the punitive-damages award; thus, the attorney-fee award is a “penalty” designed to punish. The attorney fees are not compensable damages “because of bodily injury.” I believe that the award is punitive in nature and is expressly excluded by the Allstate policy. Because of the punitive nature of an attorney-fee award, I also believe that it is against public policy for an insurer to pay attorney fees on behalf of its insured when the fees are awarded in connection with and as a direct result of a punitive-damages award.
*333 Bashein & Bashein Co., L.P.A., and W. Craig Bashein; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Ritzier, Coughlin & Swansinger, Ltd., and Thomas M. Coughlin Jr., for appellant.
Robert P. Rutter, urging affirmance for amicus curiae World Harvest Church.
Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., and James R. Gallagher, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
{¶ 30} Apparently, the majority would apply the policy exclusion in this case only if there was language expressly excluding “attorney fees awarded as a result of punitive damages.” I believe that such additional verbiage is not necessary, because an award of attorney fees is a penalty awarded only when punitive damages are warranted. Columbus Fin., 42 Ohio St.2d at 183, 71 O.O.2d 174, 327 N.E.2d 654.
{¶ 31} Therefore, for the foregoing reasons, I respectfully dissent.
O’Donnell, J., concurs in the foregoing opinion.