**[Cite as *Neal v. Lilly*, 2022-Ohio-410.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEO NEAL, JR. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29117 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-3306 |
| | : | |
| THOMAS LILLY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of February, 2022.

. . . . . . . . . . .

LEO NEAL, JR., 5174 Schuykill Street, Columbus, Ohio 43220
    Plaintiff-Appellant, Pro Se

CRAIG T. MATTHEWS, Atty. Reg. No. 0029215, 320 Regency Ridge Drive, Centerville, Ohio 45459
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Leo Neal, Jr. appeals pro se from the trial court's April 16, 2021 decision and order awarding attorney fees and costs of $32,903.42 to defendant-appellee Thomas Lilly. Seven of Neal's 15 assignments of error improperly address the underlying lawsuit and judgment that resulted in the fee award rather than the award itself. The other eight assignments of error fail to demonstrate any error in the trial court's award of attorney fees and costs to Lilly. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} Neal filed suit in 2016 for breach of contract and unjust enrichment, alleging that Lilly had failed to pay him for helping Lilly defend against a lawsuit brought by the Ohio Environmental Protection Agency. Lilly filed counterclaims against Neal for professional negligence, negligent misrepresentation, promissory estoppel, and fraud. Due to discovery violations by Neal, the trial court ultimately dismissed his claims against Lilly. It also entered judgment for Lilly on his counterclaims and ordered a damages hearing at which Neal was permitted to introduce evidence.

{¶ 3} Lilly testified and submitted exhibits at the damages hearing. In July 2018, the trial court awarded Lilly damages of $68,362.28. Neal appealed and raised 21 assignments of error. We overruled the assignments of error and affirmed the monetary judgment on the counterclaims. *See Neal v. Lilly*, 2d Dist. Montgomery Nos. 28082, 28400, 2020-Ohio-128.

{¶ 4} After several delays, the trial court held a February 10, 2021 remote hearing on the issue of attorney fees and costs. Lilly appeared for the hearing, presented evidence, and requested an award of $32,903.42. Neal did not participate in the hearing.

On April 16, 2021, the trial court filed a decision and order in which it found the hourly rates and hours expended by Lilly's attorney and legal staff reasonable. The trial court found no adjustments necessary and awarded Lilly the requested amount.

{¶ 5} On May 6, 2021, Neal timely appealed from the trial court's fee decision. The following day, the Montgomery County Common Pleas Court designated Neal a vexatious litigator under R.C. 2323.52. In a June 16, 2021 decision and entry, we considered the effect of that designation and ordered Neal to file a written request to continue the appeal and to demonstrate that it was not an abuse of process and that reasonable grounds existed to proceed. On June 23, 2021, Neal filed his motion for leave to proceed. On July 8, 2021, he also filed "objections."

{¶ 6} In a September 30, 2021 ruling, we resolved Neal's motion and objections. With regard to his appeal, we noted that his motion addressed his designation as a vexatious litigator and also alleged errors raised in previous appeals, including the underlying lawsuit between him and Lilly. We concluded that none of these matters could be challenged in the present appeal. We granted Neal leave to proceed with this appeal "only with respect to the April 16, 2021 Decision and the attorney fee issue." (September 30, 2021 Decision and Entry at 3.) We also dismissed Neal's separately filed "objections."

{¶ 7} With the foregoing limitation in mind, we turn now to the assignments of error raised in Neal's appellate brief.

## II. Analysis

{¶ 8} Neal presents the following 15 assignments of error for review:

I. THE ADMINISTRATIVE JUDGE OF THE MONTGOMERY COUNTY

COMMON PLEAS COURT ERRED BY FAILING TO ORDER THAT A

VISITING JUDGE BE ASSIGNED TO CONDUCT A JURY TRIAL FOR ALLEGED ATTORNEY FEES IN THE INSTANT CASE DUE TO A CONFLICT BECAUSE OF A PRIOR PROFESSIONAL RELATIONSHIP WITH THE DEFENDANT-APPELLEE RENATE LILLY AND THE MONTGOMERY COUNTY COURT OF COMMON PLEAS.

II. THE TRIAL COURT ERRED BY FAILING TO CONDUCT A JURY TRIAL IN THE INSTANT CASE TO DETERMINE ANY LIABILITY FOR ALLEGED ATTORNEY FEES.

III. THE RECORD SHOWS THE TRIAL COURT ERRED BY GRANTING APPELLEE ATTORNEY FEES AND $68362.28 IN UNSUPPORTED DAMAGES PURSUANT TO THE OHIO COLLIERIES RULE BECAUSE THE RECORD SHOWS THAT APPELLEE REPOSSESSED THE SUBJECT PROPERTY FROM THE OWNER CHAD JONES AUGUST 6, 2016 TO AVOID TAX FORECLOSURE.

IV. THE TRIAL COURT ERRED BY GRANTING APPELLEE ATTORNEY FEES AND $68362.28 IN UNSUPPORTED DAMAGES PURSUANT TO THE OHIO COLLIERIES RULE BECAUSE THE RECORD SHOWS APPELLEE WAS NOT THE OWNER OF THE SUBJECT PROPERTY JUNE 15, 2015 WHEN THE SUBJECT PROPERTY OWNER CHAD JONES DECOMMISSIONED THE NUISANCE SEPTIC SYSTEMS SERVING THE RENTAL UNITS.

V. THE TRIAL COURT ERRED BY GRANTING ATTORNEY FEES AND EXCESSIVE DAMAGES BECAUSE THE RECORD SHOWS THAT

APPELLEE FAILED TO MITIGATE ANY ALLEGED DAMAGES.

VI. THE TRIAL COURT ERRED BY GRANTING APPELLEE ATTORNEY FEES AND $68632.28 [SIC] IN UNSUPPORTED ALLEGED DAMAGES BECAUSE THE RECORD SHOWS THAT APPELLEE REPOSSESSED THE SUBJECT PROPERTY AUGUST 6, 2016 THAT HAD A MARKET VALUE OF $116600 THAT WAS SET BY THE LICKING COUNTY AUDITOR THAT RESULTED IN A $72000 WINDFALL GAIN FOR APPELLEE.

VII. THE TRIAL COURT ERRED BY GRANTING APPELLEE ATTORNEY FEES JANUARY 27, 2020 BECAUSE THE TRIAL COURT WAS DIVESTED OF JURISDICTION OVER THE CASE BECAUSE APPEAL CASE NO: CA28400 WAS BEFORE THE SECOND DISTRICT APPELLATE COURT.

VIII. THE TRIAL COURT ERRED BY GRANTING APPELLEE ATTORNEY FEES JANUARY 27, 2020 BECAUSE THE RECORD SHOWS THAT APPELLEE SOLD A PORTION OF THE SUBJECT PROPERTY DECEMBER 11, 2019 THAT CONTAINED THE RENTAL UNITS FOR OVER $93000 AND REALIZED AS A RESULT OF THE SALE AN UNLAWFUL WINDFALL GAIN OF OVER $49,000 AND THE LICKING COUNTY AUDITOR'S WEBSITE SHOWS THAT APPELLEE STILL OWNS A PORTION OF THE SUBJECT PROPERTY.

IX. THE TRIAL COURT ERRED BY GRANTING ATTORNEY FEES AND $68362.28 IN UNSUPPORTED DAMAGES BECAUSE THE RECORD IN

THE INSTANT CASE SHOWS THAT APPELLEE IN THE POST HEARING MEMORANDUM FILED FOR $209432.00 IN ALLEGED DAMAGES AFTER APPELLEE FAILED TO MITIGATE ANY ALLEGED DAMAGES BY CONNECTING THE RENTAL UNITS INTO THE SANITARY SEWER.

X. THE TRIAL COURT ERRED AND PREJUDICED APPELLANT BY OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S ORDER SETTING A BLUE JEANS REMOTE HEARING FOR ALLEGED ATTORNEY FEES BECAUSE APPELLEE [SIC] WAS NOT NOTIFIED BEFORE THE HEARING WAS SET AND APPELLANT WAS SCHEDULED TO BE OUT OF THE STATE OF OHIO ON BUSINESS ON THE SCHEDULED DATE AND HAD NO ACCESS TO THE REMOTE HEARING.

XI. THE TRIAL COURT ERRED AND VIOLATED CIV.R. 38(B) BY FAILING TO GRANT APPELLANT'S JURY TRIAL DEMAND TO DETERMINE ANY LIABILITY FOR ATTORNEY FEES.

XII. THE TRIAL COURT ERRED AND PREJUDICED APPELLANT BECAUSE THE TRIAL COURT FAILED TO ORDER APPELLEE TO PROVIDE APPELLANT WITH THE EVIDENCE FILED BY APPELLEE FOR ALLEGED ATTORNEY FEES.

XIII. THE TRIAL COURT ERRED BY GRANTING ATTORNEY FEES, $50000 IN ALLEGED DAMAGES TO CONNECT THE PROPERTY INTO THE SANITARY SEWER AND $18632.28 IN ALLEGED INSTALLMENT LOAN PAYMENTS BECAUSE APPELLEE REALIZED AN UNLAWFUL

WINDFALL GAIN OF OVER $49,000 WHEN APPELLEE SOLD A PORTION OF THE SUBJECT PROPERTY DECEMBER 11, 2019 FOR OVER $93000 AND AS A RESULT APPELLEE WAS NOT DAMAGED AS A RESULT OF ANY ACTIONS BY APPELLANT.

XIV. THE TRIAL COURT ERRED BY FAILING TO TRANSFER THE CASE TO MAGISTRATE IRVAN [SIC] MILLER BEFORE THE HEARING FOR ALLEGED ATTORNEY FEES.

XV. THE TRIAL COURT ERRED BY FAILING TO SET ASIDE THE FINDINGS OF MAGISTRATE IRVAN [SIC] MILLER IN THE HEARING FOR ALLEGED ATTORNEY FEES AND SET A NEW HEARING BECAUSE MAGISTRATE IRVAN [SIC] MILLER RESIGNED BEFORE ENTERING JUDGMENT IN THE INSTANT CASE.

{¶ 9} Having reviewed Neal's appellate brief, we note that seven of his assignments of error involve issues related to his underlying lawsuit with Lilly and the trial court's damages award on Lilly's counterclaims. Such matters were or should have been raised in *Neal v. Lilly*, 2d Dist. Montgomery Nos. 28082, 28400, 2020-Ohio-128, which was Neal's appeal from the trial court's entry of judgment against him for $68,362.28 on the counterclaims. As we made clear in our September 30, 2021 decision and entry, the only proper subject of the present appeal is the trial court's April 16, 2021 award of attorney fees and costs. We conclude that assignments of error III, IV, V, VI, VIII, IX, and XIII exceed the scope of our leave to appeal. Accordingly, we overrule those assignments of error for that reason.

{¶ 10} As for the other assignments of error, we find them to be without merit. In

his first assignment of error, Neal contends appellee Lilly's wife, Renate, was a court reporter and had a professional relationship with the judges and magistrates in Montgomery County. For that reason, he claims a visiting judge should have presided over the attorney-fee hearing. The Ohio Supreme Court addressed this precise issue and rejected Neal's attempt to disqualify all Montgomery County Common Pleas Court judges from his case. In a January 4, 2021, judgment entry and decision, the Ohio Supreme Court held that Renate Lilly's employment and professional relationship with county judges did not warrant disqualification. The first assignment of error is overruled.

{¶ 11} In his second assignment of error, Neal contends the trial court deprived him of his right to a jury trial on the attorney-fee issue. Although Neal moved for a jury trial prior to the attorney-fee hearing, the trial court denied the request on several occasions. The trial court cited *Digital & Analog Design Corp. v. N. Supply Co.*, 63 Ohio St.3d 657, 662, 590 N.E.2d 737 (1992), which held "that a litigant does not have a constitutional right to trial by jury as to the determination of whether, or in what amount, attorney fees should be awarded in a tort action".[1]

{¶ 12} It appears to us that the trial court awarded attorney fees in conjunction with its entry of judgment for Lilly on his counterclaims as a sanction for Neal's repeated

---

[1] In *Digital*, the Ohio Supreme Court reasoned in part that attorney fees are a punitive remedy. The Ohio Supreme Court later rejected this view, stating that "the right to have a jury assess punitive damages differs from the right to have a jury assess attorney fees." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 557, 644 N.E.2d 397 (1994). With punitive damages, the right stems from common law; however, no such right existed at common law for attorney fees. *Id.* But the non-existence of a common-law right to attorney fees still supports a conclusion that a jury trial is not required. *Maynard v. Eaton Corp.*, 3d Dist. Marion No. 9-03-48, 2004-Ohio-3025, ¶ 37 (citing *Zoppo* and recognizing that "neither party is entitled to have [attorney fees] determined by a jury"); *Solomon v. Harwood*, 8th Dist. Cuyahoga No. 96256, 2011-Ohio-5268, ¶ 50 (noting that "a litigant does not have a right to trial by jury to determine the amount of attorney's fees").

discovery violations.[2] Under Civ.R. 37, the trial court was authorized to enter judgment for Lilly on the counterclaims. The rule also required the trial court to order Neal to pay reasonable expenses, including attorney's fees, caused by his violations unless Neal's conduct was substantially justified or other circumstances existed. Civ.R. 37(B)(3). Where attorney fees are assessed against a party as a sanction, no right to a jury trial exists. *Compare Luchansky v. Jagnow*, 7th Dist. Mahoning No. 97 CA 191, 1998 WL 635871, *4 (Sept. 11, 1998) (finding no right to a jury trial for frivolous-conduct sanctions in part because "an award under R.C. 2323.51 for frivolous conduct is statutorily created and did not exist prior to the adoption of the Ohio Constitution"). The second assignment of error is overruled.

{¶ 13} In his seventh assignment of error, Neal contends the trial court erred in awarding Lilly attorney fees on January 27, 2020, while appellate case Montgomery CA 28400 was pending before this court, thereby depriving the trial court of jurisdiction to act.

{¶ 14} We find this assignment of error to be unpersuasive. The trial court did not award Lilly attorney fees on January 27, 2020. On that date, the trial court overruled a motion for a jury trial on the attorney-fee issue. As set forth above, the attorney-fee hearing ultimately was held on February 10, 2021. The trial court did not file its decision and order actually awarding Lilly attorney fees until April 16, 2021. In any event, we disposed of the appeal in Case No. 28400 on January 17, 2020, which was prior to the

---

[2] We note that Lilly's counterclaims sought compensatory and punitive damages and requested attorney fees in connection with any punitive damages awarded. But the trial court did not award punitive damages. Therefore, it appears that the basis for the fee award was Neal's discovery violations. Without a transcript of the attorney-fee hearing, which Neal has not provided, we are unable to examine the basis for the award in any detail.

trial court's denial of a jury trial, the hearing on attorney fees, and the fee award. The appeal in Case No. 28400 did not deprive the trial court of jurisdiction. We note that Neal later filed another appeal (Montgomery CA 29049) on March 3, 2021, which was *after* the attorney-fee hearing. We dismissed that appeal on April 8, 2021 for lack of an appealable order. The trial court then filed its attorney-fee award on April 16, 2021. Once again, the trial court acted with jurisdiction when it did so. The seventh assignment of error is overruled.

{¶ 15} In his tenth assignment of error, Neal contends the trial court erred in overruling his objection to the magistrate's setting a remote attorney-fee hearing. Neal asserts that he was not notified before the hearing was set and that he was scheduled to be out of state on the hearing date without secure internet access. The trial court found that Neal's objection was a delay tactic, reasoning:

Upon review, the Court finds no merit to Mr. Neal's motion to set aside the Magistrate's Notice filed on January 20, 2021, which established the procedures for a remote hearing on this matter. Mr. Neal indicates that he will be out of town on that date; however, the Court notes that Mr. Neal has repeatedly failed to participate in telephone scheduling conferences with the Magistrate, and pursuant to this Court's order of November 16, 2020, the Magistrate was ordered to set the hearing at her convenience without the input of any party that failed to participate in the scheduling conferences. The Court has set this matter for a remote hearing in order to accommodate Mr. Neal's concerns about the COVID-19 pandemic and his objection to any in-person hearing. However, it now appears that Mr. Neal

is objecting to both an in-person and remote hearing. *See Objections* at 3 ("I am objecting to any in person [hearing] or virtual hearing * * *."). The Court finds no merit in this regard, as it appears that Mr. Neal's most recent objections are merely an attempt to delay any hearing on the issue of attorney's fees. Accordingly, the Court hereby denies Mr. Neal's objections to the Magistrate's Notice.

(Feb. 8, 2021, Decision, Order, and Entry at 4.)

{¶ 16} In his January 28, 2021 objections to the magistrate's setting an attorney-fee hearing date, Neal claimed without an affidavit or any other evidentiary support that he would be "out of town on business." He also professed not to have "internet access with any device" without having to expose himself and family members to the risk of COVID-19. Due to the pandemic, he objected to *any* in-person or virtual hearing "of any type." In light of this broad objection (which effectively would foreclose any hearing at all), Neal's history of failing to participate in scheduling conferences, and his failure to document his need to be out of state without internet access, the trial court did not abuse its discretion in characterizing his objection as a delay tactic and overruling it. The tenth assignment of error is overruled.

{¶ 17} In his eleventh assignment of error, Neal contends the trial court violated Civ.R. 38(B) by failing to hold a jury trial to determine whether he had liability for attorney fees. As explained above, however, Neal had no right to a jury trial on the attorney-fee issue. To the extent that the fees were awarded pursuant to Civ.R. 37, the trial court itself was obligated to order Neal to pay them. *See* Civ.R. 37(B)(3). The eleventh assignment of error is overruled.

{¶ 18} In his twelfth assignment of error, Neal claims the trial court erred in failing to order Lilly to provide him with documents and evidence to be used in the attorney-fee hearing. The trial court addressed this issue when overruling Neal's objections to a magistrate's decision. In support of its refusal to order Lilly to provide discovery, the trial court explained:

As previously detailed by the Court, Mr. Neal's motions to compel have been denied for failure to comply with this Court's local rules. *See*, *e.g.*, *Dec.*, filed 08/13/20, at 2; *Dec.*, filed 11/02/20, at 2-3. Moreover, the Magistrate attempted to facilitate a discussion regarding the exchange of evidence prior to the hearing, but Mr. Neal failed to participate in any telephone status conferences, including the final pretrial conference on January 21, 2021. *See Dec.*, filed 12/07/20, at 5 ("the Court hereby orders the Magistrate to set this matter for a Final Pretrial Conference * * *, to occur no later than three weeks before the scheduled hearing. During the final pretrial conference, the parties will formulate a plan to facilitate the admission of evidence and the exchange of any evidentiary materials that will be introduced at the hearing."). Based upon Mr. Neal's continued failure to comply with the Court's local rules regarding motions to compel, and given Mr. Neal's failure to participate in the Final Pretrial Conference, the Court denies Mr. Neal's request that it compel Mr. Lilly's counsel to supply certain evidence to him at least six weeks prior to the hearing.

(Feb. 8, 2021, Decision, Order, and Entry at 4.)

{¶ 19} We see no abuse of discretion in the trial court's resolution of the foregoing

issue. Accordingly, the twelfth assignment of error is overruled.

{¶ 20} In his fourteenth assignment of error, Neal contends the trial court erred in failing to transfer the case to Magistrate Arvin Miller before the attorney-fee hearing. Neal asserts that the case had been referred to Magistrate Kristi McCartney to conduct the hearing. He contends the case never was referred to Magistrate Miller, who actually presided over the hearing. Neal claims he was prejudiced by the trial court's failure to transfer the case from Magistrate McCartney to Magistrate Miller.

{¶ 21} We find Neal's argument to be without merit. The record does reflect that the matter had been referred to Magistrate McCartney and that Magistrate Miller presided over the fee hearing. We are unsure why that occurred, but Neal did not appear for the fee hearing or participate in it and, therefore, did not object. He also has not provided us with a fee-hearing transcript. Magistrate Miller's participation in the hearing may have been explained at the outset of that hearing. In any event, Neal has not identified any prejudice, and we see none. The fourteenth assignment of error is overruled.

{¶ 22} In his fifteenth assignment of error, Neal claims the trial court erred in failing to order a new attorney-fee hearing after the departure of Magistrate Miller. The record reflects that Miller left the court after conducting the hearing and before making a ruling. As a result, a retired judge was appointed to preside over the case. In his April 16, 2021 fee decision, this visiting judge noted that he had reviewed a video of the hearing before Magistrate Miller and had examined Lilly's counsel's itemization of fees and costs.

{¶ 23} On appeal, Neal contends he was prejudiced by the appointment of the retired visiting judge without his knowledge. Neal fails to identify how he was prejudiced by the Ohio Supreme Court's assignment of the retired visiting judge to active duty on the

Montgomery County Common Pleas Court. The assignment, which is noted in the trial court's docket, establishes that the assigned judge had authority to handle any proceedings for the assignment period. Therefore, the assigned judge had authority to decide the attorney-fee issue. *PNC Mortgage. v. Guenther*, 2d Dist. Montgomery No. 25385, 2013-Ohio-3044, ¶ 22. Although Neal should have been notified of the assignment prior to the assigned judge's ruling, a lack of such notice is not reversible error. *Id.* at ¶ 22, fn. 3. The fifteenth assignment of error is overruled.

### III. Conclusion

{¶ 24} Having overruled each of Neal's assignments of error, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Leo Neal, Jr.
Craig T. Matthews
Hon. William H. Wolff, Jr., Visiting Judge