CONTINENTAL INSURANCE COMPANY, APPELLEE, *v.*
LOUIS MARX & CO., INC., ET AL., APPELLANTS.

(No. 80-369—Decided December 30, 1980.)

*Messrs. Gallagher, Sharp, Fulton, Norman & Mollison, Mr. John B. Robertson* and *Mr. Alan M. Petrov,* for appellee.

Messrs. Spangenberg, Shibley, Traci & Lancione, Mr. John D. Liber, Messrs. Vorys, Sater, Seymour & Pease, Mr. John C. Elam, Mr. Robert E. Leach and Mr. Philip A. Brown, for appellants.

SWEENEY, J.   Exclusion (k), known in the insurance community as a "business risk" exclusion, contains essentially three provisos. In order for liability for bodily injury or property damage to be excluded from coverage under Continental's policy, the following conditions must all occur:

(1) the injury or damage must result from the failure of the insured's product to *perform the function or serve the purpose intended by the insured;*

(2) such failure must be due to a mistake or deficiency in design or design-related areas; and

(3) the injury or damage must not result from active malfunctioning of the product.

Herein, we are primarily concerned with the applicability of the first condition.[2] In this regard, the essential controversy concerns the nature of the function or purpose that Marx intended for the "Wild Rider." Marx contends that the purpose intended was that of a toy, which would provide amusement and enjoyment to children age three to ten. On the other hand, Continental points to an advertising circular for the "Wild Rider" which mentioned the product's safety as evidence that the function or purpose intended was to assure a safe and controlled ride. This latter view was adopted by the Court of Appeals in its conclusion that the product did fail to serve its intended purpose.

At the outset, it is important to note that "[a] defense based on an exception or exclusion in an insurance policy is an affirmative one, and the burden is cast on the insurer to establish it." *Arcos Corp.* v. *American Mut. Liability Ins. Co.* (D.C. E.D. Pa. 1972), 350 F. Supp. 380, 384. Thus, in order for Continental to deny coverage on the basis of the terms of ex-

---

[2] The parties stipulated that the "Wild Rider" "was operating according to and consistent with its design," and that "[t]here was no evidence of any damage to or mechanical defect" in the product. Thus, under condition (3), it appears the product did not actively malfunction. As to condition (2), there is some evidence indicating that the product was negligently designed; however, because of our disposition with regard to condition (1), this court need not decide whether condition (2) was met.

clusion (k), the foregoing maxim requires the insurer to prove that the purpose for which Marx intended the "Wild Rider" was to provide a safe, controlled ride.[3]

The only evidence presented regarding the product's intended purpose was the aforementioned advertisement. We find that this exhibit is insufficient, as a matter of law, to establish that the "Wild Rider's" purpose was to provide a safe ride, as opposed to being an amusing toy. In fact, taken as a whole, the contents of the ad tend to support the conclusion that the latter function was intended. While the circular once mentions "safe" as an attribute, it also describes the product as a "thrill toy" with "[d]river controlled thrills—tame enough for the timid, wild enough for the adventurous***." Although Marx most likely considered safety a desirable characteristic of the "Wild Rider," the product's primary purpose was not to provide a secure mode of transportation for three to ten year old children. Rather, the product appears to have been intended as a device for amusement, a toy.[4]

There was no evidence of failure of the "Wild Rider" to serve its purpose as a toy. Thus, the first condition of exclusion (k) was not met, and Marx was entitled to coverage under the policy for the entire amount of the settlement. The trial court, therefore, correctly entered judgment for Marx in the amount of its contribution to the settlement.

For the above reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.

DOWD, J., dissents.

---

[3] Similarly, see *American Employers' Ins. Co.* v. *Maryland Cas. Co.* (C. A. 1, 1975), 509 F. 2d 128, 130; and *Cargill, Inc.*, v. *Liberty Mut. Ins. Co.* (D.C. Minn. 1979), 488 F. Supp. 49, 52. In both these cases the courts determined the purpose the products were to serve from the viewpoint of the insured's intent.

[4] If Continental's safety argument were to prevail, insurers could deny liability coverage in most instances where bodily injury or property damage arose from a product's defective design. The injury or damage itself would usually establish that the product failed to perform its function of assuring safety in operation.