ZAPPITELLI ET AL., APPELLEES, *v.* MILLER ET AL., APPELLANTS.

[Cite as *Zappitelli v. Miller*, 114 Ohio St.3d 102, 2007-Ohio-3251.]

(No. 2006–0540—Submitted March 13, 2007—Decided July 11, 2007.)

PFEIFER, J.

{¶ 1} In a civil trial, appellees, Nina and Anthony Zappitelli and Maria Capretta, won a jury award. On appeal, the court of appeals determined that appellees were entitled to additional compensatory damages for attorney fees and remanded the cause for a determination of those fees. We conclude that the court of appeals erred and reverse its decision.

{¶ 2} The jury awarded appellees aggregate damages of $134,500 for fraud, breach of contract, and negligence. During deliberations, the jury had asked the court: "If we answer, no, to punitive damages, can we add money to compensatory damages to cover the attorney fees?" The trial court instructed the jury that they could not.

{¶ 3} On appeal, the court of appeals reversed the trial court, stating that this court "has recognized the long-standing principle of law that attorney fees are recoverable as compensatory damages in a tort action for fraud." *Zappitelli v. Miller*, Cuyahoga App. No. 85895, 2006-Ohio-279, 2006 WL 178558, ¶ 57. To support this conclusion, the court of appeals quoted *Roberts v. Mason* (1859), 10 Ohio St. 278, paragraphs one and two of the syllabus. *Zappitelli*, 2006-Ohio-279, 2006 WL 178558 at ¶ 57. But these two paragraphs of syllabus law, when read together, support a conclusion opposite the one reached by the court of appeals.

{¶ 4} "1. In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages * * *.

{¶ 5} "2. In such a case, the jury may, in their estimate of *compensatory* damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action." *Roberts*, paragraphs one and two of the syllabus. (Emphasis sic.)

{¶ 6} It is clear to us that paragraph one of the syllabus states that in an action for tort involving fraud, a jury may award punitive damages. It is equally clear that paragraph two of the syllabus states that when punitive damages are awarded, the award for compensatory damages may include attorney fees. We do not see how it is possible to reach a different conclusion. See *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 558, 644 N.E.2d 397 ("Attorney fees may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted"); *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 590 N.E.2d 737 ("Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees * * *.")

{¶ 7} We accepted jurisdiction only of proposition of law No. I. *Zappitelli v. Miller*, 110 Ohio St.3d 1437, 2006-Ohio-3862, 852 N.E.2d 186. Accordingly, we will not consider the other issues raised by appellant Karen J. Miller and her counsel.

Judgment reversed.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

———

Dan Morell & Associates Co., L.P.A., Dan A. Morell Jr., Jason M. Panek, and Patricia A. Ekers, for appellees.

Heben & Associates and Edward J. Heben Jr., for appellant.