INTRODUCTION
{¶ 1} Kanu and Bhanu Patel bought a beverage store from K.R.G. Inc. When they defaulted on their purchase agreement, K.R.G. obtained a judgment against them. Meanwhile, Champakbhai Patel, who is not related to the Patels, loaned them money so that they could operate a motel. When the Patels had more financial difficulties, they sold the motel to Champakbhai at a reduced price. K.R.G. sued to have the conveyance set aside as fraudulent. A magistrate found that the conveyance was fraudulent and set it aside. He found that K.R.G. should be awarded attorney's fees but not punitive damages. The trial court adopted the magistrate's decision as to the merits, but concluded that K.R.G. could not recover punitive damages or attorney's fees. Because K.R.G. may only recover attorney's fees if it has been awarded punitive damages, and it is not entitled to punitive damages, this Court affirms. *Page 2 
 FACTS {¶ 2} In 2002, the Patels purchased a motel for $525,000 and began borrowing money from Champakbhai to operate it. In June 2003, the Patels sold the motel to Champakbhai for $430,000. Champakbhai let the Patels continue operating the motel and living at it as renters. In December 2003, K.R.G. obtained a judgment against the Patels in connection with a beverage store they had previously owned.
 {¶ 3} In May 2006, K.R.G. filed a complaint, seeking to have the sale of the motel set aside. It also sought attorney's fees, court costs, and "any other further relief which [it] is entitled to receive at law or in equity." K.R.G. later filed a "Notice of Amendment of Prayer" stating that it was seeking $430,000 in damages. It noted that Chapter 1336 of the Ohio Revised Code authorizes compensatory damages, punitive damages, and attorney's fees in a fraudulent conveyance action.
 {¶ 4} A bench trial was held before a magistrate. He found that Champakbhai is an affluent member of the Indian community who provides loans to other members of the community from time to time. He found that Champakbhai had made loans to the Patels and, eventually, decided to secure his investment by obtaining title to the motel. He found that, at the time Champakbhai acquired the motel, the Patels were significantly under funded, that they owed at least $80,000 to Champakbhai and $210,000 to K.R.G., and that Champakbhai was charging them up to 24% interest. He found that Champakbhai had assisted the Patels in obtaining a loan to purchase the motel and had not provided accurate information to the Patels about what they owed him.
 {¶ 5} The magistrate concluded that the conveyance was fraudulent under Ohio's Uniform Fraudulent Transfer Act and ordered it set aside. He also ordered Champakbhai and the *Page 3 
Patels to pay the "[c]osts of this matter." K.R.G. objected to the magistrate's decision, arguing that it was entitled to money damages, but later withdrew its objections. K.R.G. also moved for punitive damages and attorney's fees. Following a hearing on those issues, the magistrate determined that K.R.G. was entitled to attorney's fees, but was not entitled to punitive damages because it did not request them in its complaint.
 {¶ 6} K.R.G. objected to the magistrate's denial of punitive damages. Champakbhai and the Patels objected to his award of attorney's fees. The trial court adopted the magistrate's conclusion that the Patels fraudulently conveyed the motel to Champakbhai. The court concluded that K.R.G. could not recover punitive damages, however, because it had not been awarded actual damages. It further concluded that, because K.R.G. had not received punitive damages, it could not recover attorney's fees.
 {¶ 7} K.R.G. appealed the trial court's denial of punitive damages and attorney's fees, assigning four errors. It also moved to vacate the court's decision under Civil Rule 60(B). This Court remanded this case so that the trial court could rule on the motion to vacate, which it denied. K.R.G. appealed that decision as well, assigning one error.
 ATTORNEY'S FEES {¶ 8} K.R.G.'s first assignment of error is that the trial court incorrectly concluded that it could not recover attorney's fees because it had not been awarded punitive damages. It has argued that, in fraudulent conveyance cases, attorney's fees are compensatory damages that are not contingent on punitive damages.
 {¶ 9} "[T]he kind and maximum amount of damages that may be awarded" is a question of law that this Court reviews de novo. McEnteer v.Moss, 9th Dist. Nos. 22201, 22220, 2005-Ohio-2679, at ¶ 6 (quotingNat'l City Bank v. Shuman, 9th Dist. No. 21484, 2003-Ohio- *Page 4 
6116, at ¶ 6). The Ohio Supreme Court has long held that, "[i]n an action to recover damages for . . . fraud, . . . a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages . . . ." Roberts v. Mason,10 Ohio St. 277, paragraph one of the syllabus (1859). "In such a case, the jury may, in their estimate of compensatory damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action." Id. at paragraph two of the syllabus (emphasis in original). Reading the two paragraphs of theRoberts syllabus together, the Ohio Supreme Court has concluded that attorney's fees may only be awarded as compensatory damages in fraud cases when punitive damages have been awarded. Zappitelli v.Miller, 114 Ohio St. 3d 102, 2007-Ohio-3251, at ¶ 6 ("paragraph two of the [Roberts] syllabus states that when punitive damages are awarded, the award for compensatory damages may include attorney fees."). Accordingly, whether K.R.G. may recover attorney's fees depends on whether it is entitled to punitive damages.
 PUNITIVE DAMAGES {¶ 10} K.R.G.'s second assignment of error is that the trial court incorrectly concluded that it could not award punitive damages because K.R.G. had not recovered actual damages. It has argued that the legal fees and court costs it was awarded are actual damages.
 {¶ 11} The Ohio Supreme Court has held that punitive damages may be awarded in fraudulent conveyance cases. Locafrance U.S. Corp. v.Interstate Distrib. Servs. Inc., 6 Ohio St. 3d 198, 202 (1983). Section 2315.21(C) of the Ohio Revised Code provides, however, that punitive damages are not recoverable in a tort action unless: "(1) [t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, . . . [and] (2) [t]he trier of fact . . . has made a determination . . . of the total compensatory damages recoverable by the *Page 5 
plaintiff from that defendant." See Cabe v. Lunich, 70 Ohio St. 3d 598,601 (1994) ("Punitive damages may not be awarded in Ohio absent proof of actual damages.").
 {¶ 12} K.R.G. has argued that it is eligible for punitive damages because the legal fees and court costs that it recovered are actual damages. See Cavanaugh Bldg. Corp. v. Liberty Elec. Co., 9th Dist. No. 19146, 1999 WL 247219 at *3 (Apr. 28, 1999) (concluding that costs of litigation were actual damages). In Santos v. Ohio Bureau of Workers'Comp., 101 Ohio St. 3d 74, 2004-Ohio-28, at ¶ 18, however, the Ohio Supreme Court concluded that a request for attorney's fees, litigation expenses, and court costs was not a request for compensatory damages. It follows that an award of legal fees and court costs is not an award of compensatory damages. K.R.G., therefore, has not established that it may recover punitive damages. Its second assignment of error is overruled. Because K.R.G. is not entitled to punitive damages, it may not recover attorney's fees. Zappitelli v. Miller, 114 Ohio St. 3d 102,2007-Ohio-3251, at ¶ 6. Its first assignment of error is overruled.
 FRAUDULENT CONVEYANCE {¶ 13} For its third assignment of error, K.R.G. has argued that an order setting aside a fraudulent conveyance is sufficient to support an award of punitive damages and attorney fees, even without an award of compensatory damages. It has cited Locafrance U.S. Corp. v. InterstateDistrib. Servs. Inc., 6 Ohio St. 3d 198 (1983) in support of its argument. Locafrance, however, preceded Section 2315.21 of the Ohio Revised Code, which limits the availability of punitive damages to cases in which the plaintiff has recovered compensatory damages. R.C. 2315.21(C)(2). Moreover, because the plaintiff in Locafrance was awarded compensatory damages, it is distinguishable. Locafrance, 6 Ohio St. 3d at 199. K.R.G.'s third assignment of error is overruled. *Page 6 
 MOOTNESS {¶ 14} For its fourth assignment of error, K.R.G. has argued that, if this Court concludes that it should have been awarded punitive damages, it should implement the award rather than remanding to the trial court. Because this Court has concluded that the trial court correctly denied K.R.G. punitive damages, its fourth assignment of error is overruled as moot.
 MOTION TO VACATE {¶ 15} In its appeal from the trial court's denial of its motion to vacate, K.R.G.'s assignment of error is that the court incorrectly denied its motion. In order to be entitled to relief under Rule 60(B) of the Ohio Rules of Civil Procedure, a moving party must satisfy the three prong test established by the Ohio Supreme Court in GTE Automatic Elec.Inc. v. ARC Indus., 47 Ohio St. 2d 146, paragraph two of the syllabus (1976): "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken."
 {¶ 16} K.R.G. has argued that it was entitled to relief from judgment because it had a meritorious claim for punitive damages and attorney's fees. In its motion, K.R.G. argued that "actual damages were awarded by the magistrate . . . and such damages coupled with the finding of fraud mandate punitive damages." It argued that the legal fees and costs that it was awarded were compensatory damages. It also argued that an order in a fraudulent conveyance case setting aside a transfer is sufficient to justify an award of punitive damages without a specific award of actual damages. *Page 7 
 {¶ 17} The arguments that K.R.G. made in its motion to vacate are identical to the ones it made in its second and third assignments of error. Considering that those assignments of error have been overruled, this Court concludes that K.R.G.'s motion to vacate was also without merit. K.R.G.'s assignment of error is overruled.
 CONCLUSION {¶ 18} Because K.R.G. was not awarded compensatory damages, it cannot be awarded punitive damages. Because it has not recovered punitive damages, it cannot be awarded attorney's fees. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to appellant. *Page 8 
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1