JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. The sole issue raised in this appeal is whether defendant-appellant Allstate Insurance Company has the legal obligation to pay attorney fees of $46,825 deriving from a punitive damages award against its insured, defendant-tortfeasor Linda Lahman, in favor of plaintiff-appellee, Kimberly Neal-Pettit. The parties filed cross-motions for summary judgment and agree that there are no issues of material fact and that judgment should issue as a matter of law.[1] See Civ. R. 56.
 {¶ 2} Insurance policies are contracts which we construe according to their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the instrument. Olmstead v. Lumbermens Mut. Ins. Co. (1970),22 Ohio St.2d 212, 216.
 {¶ 3} The Allstate policy states: "We will not pay any punitive or exemplary damages, fines or penalties under Bodily Injury Liability or Property Damage Liability coverage."[2] (Emphasis sic.) *Page 4 
 {¶ 4} Attorney fees awarded with punitive damages are undeniably punitive in nature. See Digital Analog Design Corp. v. North SupplyCo. (1992), 63 Ohio St.3d 657, 662. But describing attorney fees as "punitive" in nature is not the same thing as saying that attorney fees are punitive "damages." Attorney fees are conceptually distinct from punitive damages and "may be awarded as an element of compensatory damages where the jury finds that punitive damages are warranted."Zoppo v. Homestead Ins. Co., 71 Ohio St.3d 552, 558, 1994-Ohio-461. The Allstate policy language saying that it will not pay any "punitive or exemplary damages" is plain — it only excludes punitive "damages" and does not exclude the payment of attorney fees awarded in conjunction with the punitive damage award. Had Allstate intended otherwise, the policy language could easily have been drafted to reflect that intention.
 {¶ 5} For the same reasons, we reject Allstate's argument that it would be against public policy to permit indemnification of attorney fees. R.C. 3937.182(B), like the Allstate policy at issue, prohibits insurance coverage for "judgments or claims against an insured for punitive or exemplary damages." This section only prohibits insurance for punitive damages. It does not prohibit indemnification of attorney fees associated with prosecuting a claim for punitive damages. Even though attorney fees in this case might be considered derivative of the punitive damage award, they remain conceptually distinct.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed. *Page 5 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] The parties agree that Allstate has no contractual obligation to pay any amount of punitive damages awarded to Neal-Pettit. The question is whether the attorney fees, stemming as they do from the punitive damages award, are subject to indemnification under the policy.
[2] Allstate does not argue that attorney fees ordered in this case are a fine or penalty. *Page 1