NEAL-PETTIT, APPELLEE, *v.* LAHMAN ET AL.; ALLSTATE

INSURANCE COMPANY, APPELLANT.

[Cite as *Neal-Pettit v. Lahman*, 125 Ohio St.3d 327, 2010-Ohio-1829.]

*Attorney fees are distinct from punitive damages — Public policy does not prevent an insurance company from covering attorney fees on behalf of an insured, even when they are awarded solely as a result of an award for punitive damages.*

(No. 2009-0325 — Submitted December 15, 2009 — Decided May 4, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91551,

2008-Ohio-6653.

_____

SYLLABUS OF THE COURT

Attorney fees are distinct from punitive damages, and public policy does not prevent an insurance company from covering attorney fees on behalf of an insured when they are awarded solely as a result of an award for punitive damages.

_____

LANZINGER, J.

{¶ 1} We accepted this discretionary appeal to determine whether an insurer must pay an attorney-fee award on behalf of its insured under her insurance policy and whether payment of attorney fees awarded solely as a result of punitive damages violates the public policy of Ohio. After reviewing the policy, we affirm the judgment of the court of appeals, holding that the policy does cover attorney-fee awards and that public policy does not prevent such coverage.

**Facts**

**{¶ 2}** Appellee, Kimberly Neal-Pettit, filed suit against Linda Lahman for compensatory and punitive damages due to personal injuries sustained in an automobile accident on March 27, 2003. As alleged in the complaint, when Lahman struck Neal-Pettit's vehicle, she was intoxicated and fleeing the scene of an earlier collision. The case was heard by a jury, which returned a verdict against Lahman for compensatory damages totaling $113,800 and punitive damages totaling $75,000. In addition, the jury awarded attorney fees to Neal-Pettit based on a finding that Lahman had acted with malice. The trial court set the amount of attorney fees at $46,825 and also awarded Neal-Pettit $10,084.96 in expenses.

**{¶ 3}** Lahman maintained automobile insurance through appellant, Allstate Insurance Company ("Allstate"). Allstate paid Neal-Pettit the amounts awarded as compensatory damages, interest, and expenses, but denied payment of the punitive damages and attorney fees.

**{¶ 4}** Neal-Pettit filed a supplemental complaint against Allstate for payment of the attorney fees. The trial court entered summary judgment in favor of Neal-Pettit on the issue. Allstate appealed, arguing that it had not contracted to pay attorney fees and that an attorney-fee award is an element of punitive damages, which public policy prevents an insurer from covering. The Eighth District affirmed the trial court's decision, holding that attorney fees are "conceptually distinct" from punitive damages and that attorney fees are not expressly excluded from coverage by the language of the policy. *Neal-Pettit v. Lahman*, 8th Dist. No. 91551, 2008-Ohio-6653, 2008 WL 5259726, ¶ 5.

**{¶ 5}** We accepted jurisdiction over Allstate's appeal on three issues: (1) whether it is against public policy for an insurer to pay an attorney-fee award made in conjunction with a punitive-damages award, (2) whether an attorney-fee award can be characterized as "[damages] because of bodily injury," as required for coverage under Allstate's policy, and (3) whether Allstate's policy term

2

excluding coverage of "punitive or exemplary damages, fines or penalties" excludes coverage of attorney fees that are awarded in conjunction with a punitive-damages award.

{¶ 6}  After examining Allstate's policy, we affirm the judgment of the Eighth District Court of Appeals.

### Legal Analysis

*Insurance Policy — Coverage Provision*

{¶ 7}  An insurer's obligations to its insured are governed by the coverage stated in the policy.  *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 36, 665 N.E.2d 1115.  Allstate argues that it is clear from the insurance policy's general statement of coverage that it did not agree to cover awards of attorney fees.

{¶ 8}  It is true that the policy does not discuss attorney fees within the insuring clause.  The policy's general statement of coverage explains:

{¶ 9}  "If a premium is shown on the Policy Declarations for Bodily Injury Liability Coverage and Property Damage Liability Coverage, **Allstate** will pay damages which an insured person is legally obligated to pay because of:

{¶ 10}  "1. **bodily injury** sustained by any person, and

{¶ 11}  "2. damage to, or destruction of, property."

{¶ 12}  "Bodily injury" is defined by the policy as "physical harm to the body, sickness, disease, or death."  (Boldface sic, indicating defined terms.)

{¶ 13} The question is whether the attorney fees awarded are damages that Lahman is legally obligated to pay because of the bodily injury sustained by Neal-Pettit.  The policy does not define the word "damages."  Allstate argues that the award is not covered under the policy, because attorney fees are not damages themselves, but are derivative of punitive damages and thus are not awarded as a result of bodily injury.

**{¶ 14}** Allstate argues that the attorney-fee award is an element of the punitive-damages award because both are made in cases of malicious conduct. The dissent also points out that an attorney-fee award is "directly tied to and dependent upon an award of punitive damages." Dissenting opinion at ¶ 26. However, the fact that the awards have similar bases is irrelevant. We have recognized that attorney-fee awards and punitive-damages awards are distinct: "In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages * * *. In such a case, the jury may, in their estimate of *compensatory* damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action." (Emphasis sic.) *Roberts v. Mason* (1859), 10 Ohio St. 277, 1859 WL 78, paragraphs one and two of the syllabus. See also *Smith v. Pittsburg, Ft. Wayne & Chicago Ry. Co.* (1872), 23 Ohio St.10, 18, 1872 WL 50 ("The doctrine * * * announced [in *Roberts*] is that in a case where punitive as well as compensatory damages may be awarded, the jury * * * should regard counsel fees as compensation and not as punishment"); *Zappitelli v. Miller*, 114 Ohio St.3d 102, 2007-Ohio-3251, 868 N.E.2d 968, ¶ 6 (when an award of attorney fees is made in addition to a punitive-damages award, it is awarded as an element of compensatory damages).

**{¶ 15}** Allstate relies on *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 590 N.E.2d 737, a case in which we stated that requiring a party to pay the other party's attorney fees is a punitive, and thus equitable, remedy. But *Digital*'s discussion of attorney fees was explicitly characterized as dicta in *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 557, 644 N.E.2d 397. In *Zoppo*, the court "reject[ed] the reasoning espoused in *Digital* which treats the right to trial by jury in cases assessing attorney fees the same as the right in cases of punitive damages." Id.

4

{¶ 16} Cases such as *Roberts*, *Zappitelli,* and *Zoppo* explain that although an award of attorney fees may stem from an award of punitive damages, the attorney-fee award itself is not an element of the punitive-damages award.

{¶ 17} Allstate next argues that an attorney-fee award is not covered under its policy, because attorney fees are not "[damages] because of bodily injury," as required by the policy, but rather are awarded as a result of punitive damages. Although, in this case, attorney fees were awarded as a result of an award of punitive damages, they also stem from the underlying bodily injury. The language of the policy does not limit coverage to damages *solely* because of bodily injury. In addition, insofar as the parties have offered their own separate interpretations of the language of the policy, both of them plausible, we must resolve any uncertainty in favor of the insured. *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844, syllabus.

{¶ 18} Attorney fees may therefore fall under the insurance policy's general coverage of "damages which an insured person is legally obligated to pay" because of "bodily injury." The next question is whether they have been specifically excluded.

*Insurance Policy — Exclusions*

{¶ 19} Allstate argues that the policy issued to Lahman excludes coverage of attorney-fee awards. An insurer who claims that a policy exclusion prohibits insurance coverage must show that the exclusion specifically applies. *Continental Ins. Co. v. Louis Marx & Co., Inc.* (1980), 64 Ohio St.2d 399, 401, 18 O.O.3d 539, 415 N.E.2d 315. Exclusions of coverage must be clear and unambiguous to be enforceable. *Moorman v. Prudential Ins. Co. of Am.* (1983), 4 Ohio St.3d 20, 4 OBR 17, 445 N.E.2d 1122. The Allstate policy excludes "punitive or exemplary damages, fines or penalties."[1] The attorney fees in this case were granted as a

---

1. The dissent characterizes the award of attorney fees as a "penalty." Dissenting opinion at ¶ 29. However, as the court of appeals noted, Allstate did not argue that attorney fees are a fine or a

result of punitive damages awarded by the jury upon a finding of malice, presumably based upon a finding that Lahman was driving while intoxicated and fleeing the scene of a previous collision. Thus, Allstate argues, the policy specifically excludes attorney fees under the punitive- or exemplary-damages exclusion.

{¶ 20} However, the exclusion does not refer in any way to attorney fees or litigation expenses. It specifically mentions only punitive or exemplary damages, which, as we have discussed, are conceptually distinct from attorney fees. Therefore, the term "punitive or exemplary damages" does not clearly and unambiguously encompass an award of attorney fees. We decline to read such language into the contract. We instead construe the policy strictly against the insurer. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380. Allstate, as the drafter, is responsible for ensuring that the policy states clearly what it does and does not cover.

*Public Policy*

{¶ 21} Allstate argues strenuously that it would be against Ohio's public policy for an insurer to pay attorney fees on behalf of its insured when those fees are awarded solely as a result of a punitive-damages award. It is true that public policy prevents insurance contracts from insuring against claims for punitive damages based upon an insured's malicious conduct. *Wedge Prods., Inc. v. Hartford Equity Sales Co.* (1987), 31 Ohio St.3d 65, 67, 31 OBR 180, 509 N.E.2d 74; see also *Rothman v. Metro Cas. Ins. Co.* (1938), 134 Ohio St. 241, 246, 12 O.O.50, 16 N.E.2d 417. In addition, R.C. 3937.182(B) prohibits insurance coverage of punitive damages: "No policy of automobile or motor vehicle

---

penalty. *Neal-Pettit v. Lahman*, 8th Dist. No. 91551, 2008-Ohio-6653, 2008 WL 5259726, ¶ 3, fn. 2. Allstate has also failed to cite a case suggesting that attorney fees are considered "fines or penalties" independent of other awards. Instead, we are asked to determine whether the attorney-fee award falls under the policy's exclusion of "punitive damages."

insurance * * * shall provide coverage for judgments or claims against an insured for punitive or exemplary damages."

{¶ 22} But R.C. 3937.182(B) mentions only punitive and exemplary damages, not attorney fees. The General Assembly chose not to mention attorney fees when it drafted the statute, and we decline to add them. See *State v. S.R.* (1992), 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 ("In construing a statute, it is the duty of the court to give effect to the words used in [the] statute, not to insert words not used").

{¶ 23} Our holding will not encourage wrongful behavior merely because it permits insurers to cover attorney fees for which tortfeasors become liable. The tortfeasors remain liable for punitive damages awarded for their malicious actions, and these punitive damages remain uninsurable. Payment by the insurer of an attorney-fee award violates neither public policy nor R.C. 3937.182(B).

**Conclusion**

{¶ 24} We hold that attorney fees are distinct from punitive damages, and public policy does not prevent an insurance company from covering attorney fees on behalf of an insured when they are awarded solely as a result of an award for punitive damages.

{¶ 25} We therefore affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

PFEIFER, O'CONNOR, and CUPP, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

BROWN, C.J., not participating.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 26} I respectfully dissent. An award of attorney fees is punitive in nature because it is directly tied to and dependent upon an award of punitive

damages. Consequently, I do not believe that the Allstate policy in this case covers the attorney-fee award, and to require an insurer to pay attorney fees awarded as the result of a punitive-damages award violates public policy.

{¶ 27} Although an award of attorney fees is not an element of punitive damages, it is clearly dependent upon an award of punitive damages. *Columbus Fin., Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 327 N.E.2d 654. Because the award of attorney fees depends upon punitive damages, if a court reverses a punitive-damages award, the attorney-fee award must likewise be reversed. *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 35, 734 N.E.2d 782. Thus, an award of attorney fees is inextricably intertwined with an award of punitive damages.

{¶ 28} The majority places much emphasis on categorizing an attorney-fee award as an element of compensatory damages. Although labeled as compensatory damages, the award of attorney fees following a punitive-damages award is intended to compensate the aggrieved party for having to deal with the bad faith or malicious conduct of the tortfeasor. The majority describes the discussion of attorney fees in *Digital & Analog Design Corp. v. N. Supply Co.* (1992), 63 Ohio St.3d 657, 590 N.E.2d 737, as dicta. However, I believe that the court's explanation is enlightening: "The award of attorney fees, although seemingly compensatory and treated as such in the model jury instruction, does not compensate the victim for damages flowing from the tort. Rather, the requirement that a party pay attorney fees under these circumstances is a punitive (and thus equitable) remedy that flows from a jury finding of malice and the award of punitive damages. There is no separate tort action at law for the recovery of attorney fees under these circumstances. Without a finding of malice and the award of punitive damages, plaintiff cannot justify the award of attorney fees * * * ." Id. at 662.

8

**{¶ 29}** The Allstate policy here agrees to pay for damages because of bodily injury and property damage. The policy excludes coverage for "punitive or exemplary damages, fines or penalties." There is an attorney-fee award in this case only because of the punitive-damages award; thus, the attorney-fee award is a "penalty" designed to punish. The attorney fees are not compensable damages "because of bodily injury." I believe that the award is punitive in nature and is expressly excluded by the Allstate policy. Because of the punitive nature of an attorney-fee award, I also believe that it is against public policy for an insurer to pay attorney fees on behalf of its insured when the fees are awarded in connection with and as a direct result of a punitive-damages award.

**{¶ 30}** Apparently, the majority would apply the policy exclusion in this case only if there was language expressly excluding "attorney fees awarded as a result of punitive damages." I believe that such additional verbiage is not necessary, because an award of attorney fees is a penalty awarded only when punitive damages are warranted. *Columbus Fin.*, 42 Ohio St.2d at 183, 71 O.O.2d 174, 327 N.E.2d 654.

**{¶ 31}** Therefore, for the foregoing reasons, I respectfully dissent.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Bashein & Bashein Co., L.P.A., and W. Craig Bashein; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.

Ritzler, Coughlin & Swansinger, Ltd., and Thomas M. Coughlin Jr., for appellant.

Robert P. Rutter, urging affirmance for amicus curiae World Harvest Church.

Gallagher, Gams, Pryor, Tallan & Littrell, L.L.P., and James R. Gallagher, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

_____