[Cite as *Oriani v. Reach Out Disposal, L.L.C.*, 2016-Ohio-7392.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103128

---

# GUY ORIANI, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# REACH OUT DISPOSAL, L.L.C., ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-815222

**BEFORE:**   Keough, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   October 20, 2016

**ATTORNEY FOR APPELLANTS**

Thomas A. Muzilla
Muzilla Law Firm, L.L.C.
2996 Kingsley Road
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For Century Surety Company**

Kurt D. Anderson
Richard M. Garner
Collins, Roche, Utley & Garner, L.L.C.
655 Metro Place South, Suite 200
Dublin, Ohio 43017

**For Axelrod Rubbish Recycling and
Reach Out Disposal, L.L.C.**

c/o Joseph Vitanza
2603 Fortune Avenue
Parma, Ohio 44134

**For Chris Gatarello**

Chris Gatarello, pro se
1987 East 126th Street
Cleveland, Ohio 44106

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Plaintiffs-appellants, Guy and Elise Oriani (the "Orianis"), appeal from the trial court's judgment granting the motion for summary judgment of defendant-appellee, Century Surety Company ("Century"). For the reasons that follow, we affirm.

## I. Background

**{¶2}** The Orianis filed suit against Century, Reach Out Disposal, L.L.C., Axelrod Rubbish Recycling International Global, L.L.C., Chris Gattarello, Joseph F. Vitanza, and Charles Sotera (collectively "Axelrod"), and eight other defendants and John Does, seeking damages and insurance coverage for damages they suffered as a result of the defendants' operation of a "garbage hauling/recycling business" on property owned by the Orianis. This appeal involves only the Orianis' claim against Century for insurance coverage of a default judgment they obtained against Axelrod. The Orianis either dismissed the remaining defendants without prejudice or obtained a default judgment against them.

**{¶3}** The Orianis leased part of a building they owned to Axelrod pursuant to an oral month-to-month lease. As part of the lease agreement, Axelrod was required to provide the Orianis with insurance coverage for the operation of its business on the property. Axelrod purchased a general commercial liability policy from Century for the policy period March 15, 2012 to March 15, 2013.

**{¶4}** Axelrod operated its garbage hauling and recycling business on the Orianis' property beginning in January 2012. Toward the end of 2012, garbage began

accumulating on the premises. Axelrod ceased operations in January 2013, but left behind "tons of garbage" in the building. According to the Orianis, rats became attracted to the garbage, and in 2013, Guy Oriani was told by a representative from the city of Cleveland that the garbage posed a general health hazard to him (Guy and his son operate a construction business in another part of the building leased to Axelrod) and the surrounding residential neighborhood. The Orianis were charged by the city of Cleveland with creating a nuisance and retained legal counsel to defend themselves.

{¶5} In the summer of 2013, the Orianis removed the garbage from the building, incurring significant expense to do so. They also discovered that the stored garbage and Axelrod's operation of its business in the building had caused significant physical damage to the building. In addition, Axelrod did not pay rent from November 1, 2012, thru January 31, 2013.

{¶6} In their complaint, the Orianis included three counts against Axelrod: breach of contract, nuisance, and trespass. The Orianis also sought damages under the Century policy, alleging that they were an additional insured under the policy issued to Axelrod. They also sought declaratory relief that they were entitled to indemnification from Century for the damages caused by Axelrod.

{¶7} In response, Century counterclaimed against the Orianis and cross-claimed against Axelrod for declaratory relief that the Century policy did not provide insurance coverage for either the Orianis' first-party claims as an additional insured, or indemnification for the damages caused by Axelrod.

**{¶8}** Century then moved for judgment on the pleadings and alternatively, summary judgment against the Orianis. In its motion, Century argued that the Orianis were not insureds under the Century policy, much of the Orianis' claims were for economic losses that are not covered under the Century policy (e.g., unpaid rent), and coverage for the Orianis' claims against Axelrod is expressly excluded by the policy. Specifically, Century cited exclusions for property damage arising from (1) the insured's contractual liability, (2) the actual or threatened discharge or release of pollutants, (3) property damage to property rented by the insured, and (4) a defect or dangerous condition in the insured's product or work.

**{¶9}** The trial court subsequently granted the Orianis' motion for default judgment against Axelrod in the amount of $286,908.97. The Orianis then opposed Century's motion for judgment on the pleadings or, alternatively, for summary judgment, and filed a cross-motion for summary judgment against Century.

**{¶10}** In its brief in opposition to the Orianis' motion for summary judgment, Century argued that the Orianis' claims did not arise out of an occurrence, which the policy defines as an "accident," because Axelrod deliberately brought the garbage into the building as part of its business and then deliberately left it there, and that in addition to the exclusions cited in its motion, the aircraft, auto, or watercraft exclusion also applied to exclude coverage.

**{¶11}** The trial court subsequently granted Century's motion for summary judgment, and denied the Orianis' cross-motion for summary judgment, finding that the

Orianis were not insureds under the Century policy, and that the policy affords no coverage for their claims. The Orianis now appeal from the trial court's judgment.

## II. Analysis

{¶12} In their single assignment of error, the Orianis assert that the trial court erred in granting Century's motion for summary judgment and denying their cross-motion for summary judgment.[1]

{¶13} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶14} Initially, the Orianis argue that where provisions of the Century policy are ambiguous and reasonably susceptible of more than one interpretation, the provisions should be construed strictly against Century and liberally in their favor. Although, as a

---

[1] In their brief in opposition to Century's motion for summary judgment, the Orianis conceded that they are not named as an additional insured on the Century policy. Thus, they have abandoned any claims to first-party coverage, and on appeal, claim only that Century is obligated to provide third-party liability coverage under the policy for the damages awarded against Axelrod when the trial court granted their motion for default judgment.

general rule, an insurance policy that is reasonably open to different interpretations will be construed most favorably for the insured, where the plaintiff is not a party to the insurance contract, the plaintiff is not in a position to urge that the contract be strictly construed against the other party. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 14. Where a court decides whether a claimant is insured under a policy, ambiguities are construed in favor of the policyholder, not the claimant. *Id.* at ¶ 35. Thus, because the Orianis are not insured under the Century policy, as third-party claimants, they are not entitled to have the provisions interpreted liberally in their favor. Nevertheless, it is Century's burden to demonstrate that any asserted exclusions specifically apply. *Neal-Pettit v. Lahman*, 125 Ohio St.3d 327, 2010-Ohio-1829, 928 N.E.2d 421, ¶ 19, citing *Continental Ins. Co. v. Louis Marx & Co.*, 64 Ohio St.2d 399, 401, 415 N.E.2d 315 (1980). Exclusions of coverage must be clear and unambiguous to be enforceable. *Moorman v. Prudential Ins. Co. of Am.*, 4 Ohio St.3d 20, 445 N.E.2d 1122 (1983).

{¶15} The Orianis' claims against Axelrod arose out of Axelrod's failure to pay the monthly rent, the structural damage it caused to the property, and the accumulated garbage it left on the property. Despite the Orianis' arguments otherwise, our review of the Century policy demonstrates that coverage for these claims is precluded by specific exclusions in the policy.

{¶16} The Century policy requires Century to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property

damage' to which this insurance applies." The Orianis argue that the harm caused by Axelrod to them easily fits within the definition of property damage and "potential" bodily injury.

{¶17} "Potential" bodily injury is not covered by the policy, however. The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Orianis argue that "there was a threat of potential bodily injury" because the rats were attracted to the garbage that Axelrod had left in the building, and that "cleanup of the nuisance was required to prevent any bodily harm." But the policy requires actual bodily harm, not just the possibility for such harm to occur. The Orianis offered no evidence that anyone was actually physically injured or got sick as a result of Axelrod's actions. Accordingly, none of the damages awarded to the Orianis qualify as bodily injury as defined in the Century policy.

{¶18} Moreover, $75,000 of the total $286,908.97 in damages awarded to the Orianis are purely economic damages that do not qualify as either bodily injury or property damage under policy. As part of their default judgment, the Orianis were awarded damages of $60,000 for unpaid rent from November 2012 through July 2013, and $15,000 in attorney fees. These damages do not involve any bodily injury, nor were they awarded for property damage, which the Century policy defines as "physical injury to tangible property" or "loss of use of tangible property." Thus, at most, only

$211,908.97 of the damages awarded against Axelrod possibly qualify for coverage under the Century policy.

**{¶19}** However, even assuming that these remaining damages were for "property damage" caused by an "occurrence,"[2] all of these damages are excluded by the Damage to Property exclusion in the policy.   This exclusion states:

> 2.    Exclusions
>
> This insurance does not apply to:
>
> * * *
>
> j.    Damage To Property
>
> "Property damage" to:
>
> (1)    Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;
>
> (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;
>
> * * *.

---

[2]Century does not argue on appeal, as it did in the trial court, that the policy does not cover the Orianis' damages because they did not result from an "occurrence,"   as required by the policy. Century has therefore waived this argument on appeal.

**{¶20}** Exclusion j.(1), which precludes coverage for any property damage to property owned, rented, or occupied by Axelrod, clearly bars all of the Orianis' damages against Axelrod.

**{¶21}** The Orianis assert that exclusion j.(1) is not applicable, however, because there were two types of property damage: structural damage to the property, and the cleanup of the nuisance, as required by the city of Cleveland, that occurred after Axelrod ceased its operations in the building.

**{¶22}** With respect to the structural damage to the building, the Orianis argue that there is a question of fact regarding when the structural damage occurred. They contend that "most of the damage likely occurred" after November 1, 2012, when Axelrod stopped paying rent and, according to the Orianis, became a trespasser in the building. Accordingly, the Orianis contend that Axelrod was not "occupying" the building when the damage occurred and, thus, exclusion j.(1) does not apply.

**{¶23}** Our review of the record, however, demonstrates that the Orianis did not raise this argument below and therefore, they have waived it on appeal. Moreover, the evidence produced by the Orianis demonstrates that any structural damage to the premises did indeed occur while Axelrod was occupying the building. The Orianis submitted affidavits in support of their motions for summary judgment and default averring that Axelrod "caus[ed] structural damage to the building while performing their business in the building," "damag[ed] the premises in the operation of their recyling business," and "during the time that * * * Axelrod operated their recycling business, they damaged the

physical premises with their trucks, vehicles and other acts." Accordingly, the evidence demonstrated that Axelrod caused structural damage to the building while it was operating its recycling business, during which time it clearly "occupied" the building. In short, the evidence established that the structural damage occurred before Axelrod vacated the building in January 2013. Accordingly, exclusion j.(1) precludes coverage of the structural damage.

{¶24} The Orianis further contend that exclusion j.(1) is not applicable to the structural damage because the policy is ambiguous. Specifically, they contend that although the declarations page lists "each occurrence limits" as $1 million, it lists a $100,000 limit for "any one fire/occurrence" for "Damages to Premises Rented to You." They contend the $100,000 listing would lead a reasonable insured to conclude that the policy provided coverage for the insured's rented property, and assert that this ambiguity should be construed in their favor to provide coverage.

{¶25} We find no ambiguity. Exclusion j. expressly provides:

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage to Premises Rented to You as described in Section III - Limits of Insurance.

{¶26} Thus, with the exception of fire, exclusion j.(1) does not apply to "property damage" to premises rented for seven days or less. Where this exception to the exclusion is applicable, the limits of the policy are $100,000 per occurrence.

**{¶27}** With respect to damages incurred for cleanup of the nuisance, the Orianis contend that exclusion j.(1) is not applicable because Axelrod was no longer "occupying" the building in the summer of 2013 when the sitting pile of garbage became a nuisance and had to be cleaned up. They contend that Axelrod was merely a trespasser on the property at that point because it had stopped paying rent in November 2012, and was no longer conducting its business on the property. The Orianis did not raise this argument below, however, and thus have waived it on appeal. Moreover, in his affidavit in support of the Orianis' motion for summary judgment, Guy Oriani averred that "Axelrod continued to occupy the premises thru July 31, 2013, when I was finally able to complete the removal of the garbage from the premises." Thus, the evidence demonstrated that Axelrod occupied the building when the nuisance was created.

**{¶28}** However, even if Axelrod was not occupying the building when the nuisance occurred, as the Orianis contend, exclusion j.(2) excludes coverage for property damage to "[p]remises you sell, give away or abandon, if the 'property damage' arises out of any part of those premises." If, as the Orianis assert, the nuisance was created after Axelrod abandoned the building, leaving behind "tons of garbage," exclusion j.(2) bars any coverage for its cleanup.

**{¶29}** The Orianis also contend that exclusion j.(1) is not applicable to cleanup of the nuisance because it does not apply when expenses are incurred to prevent or mitigate damage to a third party. We need not address this argument, however, because exclusion j.(2) excludes any coverage for cleanup of the nuisance, even if j.(1) does not apply.

Likewise, because exclusions j.(1) and (2) preclude coverage for the Orianis' damages against Axelrod, we need not address the applicability of other exclusions in the policy.

**{¶30}** Because exclusions j.(1) and (2) preclude coverage by Century for damages awarded to the Orianis against Axelrod, the trial court properly granted summary judgment to Century, and denied the Orianis' cross-motion for summary judgment. The trial court's judgment is therefore affirmed.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR